# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1794 and 12 C 1751 | **DATE** | 6/6/2012 |
| **CASE TITLE** | Michael Georgakis vs. All Chemistry Professors University of Chicago; Michael Georgakis vs. All Chemistry Professors Northwestern University | | |

**DOCKET ENTRY TEXT**

Plaintiff's requests to proceed in forma pauperis are denied in Cases No. 12-1794 and 12-1751. The complaints in both cases are dismissed without prejudice. All other motions are denied as moot.

■[ For further details see text below.]             Docketing to mail notices.

## STATEMENT

    Plaintiff Michael Georgakis, proceeding *pro se*, recently filed six cases in this district. *Georgakis v. Mock*, 12-1204; *Georgakis v. All Chemistry Professors Univ. of Ill. at Urbana*, 12-1734; *Georgakis v. All Chemistry Professors Univ. of Illinois at Chicago*, 12-1733; *Georgakis v. All Chemistry Professors at Loyola*, 12-1749; *Georgakis v. All Chemistry Professors at Northwestern Univ.*, 12-1751; *Goergakis v. All Chemistry Professors at the Univ. of Chicago*, 12-1794. The latter two cases were initially assigned to other judges and then later transferred to us. All the cases generally involve the basic allegation that graduate school chemistry professors take advantage of chemistry graduate students by stealing their ideas and by profiting off their work. In 1972, plaintiff was a chemistry graduate student at the University of Illinois where he got into a dispute with his advisor, Professor Mock, and was never awarded a PhD degree.

    In all six cases, plaintiff filed a request to proceed in forma pauperis. In three of the six cases, the request was denied on the ground that the complaint failed to state a valid claim. In Case No 12-1734, Judge Leinenweber denied the IFP request in a 3-page minute order dated March 26, 2012. Judge Leinenweber concluded that, although plaintiff qualified as indigent, his claims failed on the merits. This order explained why each of the claims (copyright, false claims, civil RICO, and conversion) was lacking in merit. For example, the Order states that plaintiff failed to explain which parts, if any of his research were subject to copyright protection and that his claim appeared to be time-barred in any event.

    In Case No. 12-1733, Judge Kennelly likewise denied plaintiff's IFP request. *See* 4/5/12 Minute Order. Before denying the IFP request, Judge Kennelly gave plaintiff several opportunies to amend his complaint. Judge Kennelly eventually concluded that with regard to the Copyright Act and RICO claims plaintiff had not alleged that *he* suffered any injury and thus lacked standing to sue. *Id.* As for the False Claims Act claim, Judge Kennelly concluded that plaintiff failed to allege any particulars about the publication or grants as required by Rule 9(b). *Id.* He therefore denied the IFP request pursuant to 28 U.S.C. § 1915(e)(2), finding

| STATEMENT |
|---|

that the complaint failed to state a claim upon which relief could be granted. *Id*. The complaint in that case named as defendants "all chemistry professors at the University of Illinois at Chicago."

In Case No. 12-1749, Judge Conlon dismissed the complaint without prejudice and denied the IFP request as moot. *See* 4/9/12 Order. This complaint was directed at "all chemistry and biochemistry professors at Loyola University." Judge Conlon held that the "complaint fails to name any specific defendants or specific allegations involving Loyola professors."

In Case No. 12-1204, Judge Feinerman granted plaintiff's IFP request. He did not analyze plaintiff's specific claims in granting the IFP request. According to the docket, defendant filed a motion to dismiss. Plaintiff thereafter filed a combined response brief and a motion for leave to file an amended complaint. No ruling has yet been made on the motion to dismiss. This case before Judge Feinerman, based on a quick review of the complaint, seems to focus somewhat more directly than the other five cases on the particular facts concerning plaintiff's interaction with Professor Mock, in 1972, while at the University of Illinois, Chicago.

In reviewing the two complaints and the two IFP requests currently pending before this Court, they appear to be identical, likely a photocopy of each other. Each is 67 pages and contains a mixture of handwritten allegations combined with various printouts of scholarly articles with passages underlined. Very little of the complaint concerns facts pertaining to plaintiff's own personal situation. Instead these complaints focus mostly on generalized allegations about the general nature of science research in American universities. However, toward the end of each complaint, plaintiff briefly veers back to his personal situation by alleging that "my case concerns Dr. William L. Mock, professor of chemistry, University of Illinois at Chicago, my advisor at UIC." (The pages are not numbered but this quote is from page 63 of the complaint as it was scanned by the Court's docketing department.)

In addition to reviewing these two complaints against each other, we also have reviewed them against the three complaints in the cases dismissed by Judges Leinenweber, Kennelly, and Conlon. Here again, the complaints are identical photocopies of each other. Each is 67 pages. The only difference we could find is that there is a different university listed on page 1. We have reviewed the reasoning and analysis provided in the three minute orders in these cases. We agree with their conclusion that plaintiff's four claims are not viable. We therefore adopt the reasoning provided in those minute orders, and see no need to repeat the same analysis again in this minute order. We do note that the two cases here are directed at two universities which plaintiff apparently had no contact with, and his complaints against these two universities both state that his case primarily concerns his dispute with Professor Mock. In this regard, we note that the case before Judge Feinerman, which as noted above ostensibly focuses more on Professor Mock, is still pending. For all the above reasons, plaintiff's two IFP requests are denied.